### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARTEZ R BEARD,**

    **Petitioner,**

**v.**

                    **Civil Case No. 14-cv-897-DRH**
                    **Criminal Case No. 12-cr-30144-DRH**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner Cartez Beard's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Civil Doc. 1). On September 27, 2012, petitioner pleaded guilty to being a felon in possession of a firearm. Pursuant to 18 U.S.C. § 922(g)(1), this Court sentenced petitioner to 96 months (Criminal Doc. 49). Petitioner was released on bond prior to pleading guilty, and during that time, he was arrested for shooting woman who was nine months pregnant. At his sentencing he denied shooting her, despite the victim's presence and testimony.

During the proceedings, attorney Thomas Gabel represented Beard and filed a notice of appeal on his behalf (Criminal Doc 51). On appeal, Beard argued that the Court erred in denying a reduction for acceptance in responsibility. On the basis of controlling precedent and Beard's unwillingness to cease criminal

activity, the Seventh Circuit affirmed this Court's judgment. *See United States of America*, No. 13-1603 (7th Cir. Nov. 20, 2013) (*citing United States v. Sellers*, 595 F.3d 791,793 (7th Cir. 2010); *United States v. Sellers*, 22 F.3d 139,141 (7th Cir. 1994)).

Petitioner also argued that the Court imposed an unreasonable prison sentence of 96 months, but the Seventh Circuit affirmed the sentence. The Seventh Circuit dismissed Beard's appeal stating that this Court "offered adequate reasons consistent with the statutory factors in 18 U.S.C. § 3553(a)." *See United States of America*, No. 13-1603 (7th Cir. Nov. 20, 2013). Petitioner has not previously collaterally attacked his conviction to the best of this Court's knowledge.

Beard's instant § 2255 petition filed on August 15, 2014, cites relief for ineffective assistance of counsel. Although petitioner did not raise these grounds on appeal, he may proceed on his § 2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)(emphasis added); *see also Edwards v. Carpenter*, 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), [there is]

no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

Establishing ineffective assistance of counsel under *Strickland* requires petitioner to satisfy an additional two-pronged test. Petitioner must show: (1) that "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694.

Without commenting on the merits of petitioner's claims, pursuant to Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of this Order. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

Signed this 26th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.26 08:54:18 -05'00'

**Chief Judge**
**United States District Court**