IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARTEZ R. BEARD,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Civil Case No. 14-cv-897-DRH**
**Respondent.**     **Criminal Case No. 12-cr-30144-DRH**

### MEMORANDUM AND ORDER

Pending before the Court is petitioner Cartez R. Beard's motion for leave to amend his § 2255 (Doc. 5). Naturally, the government opposes such an amendment (Doc 6, FN 4) For the following reasons, the Court **GRANTS** petitioner's motion.

Beard was initially charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. 26). Beard pled guilty to the indictment and was sentenced to 96 months of imprisonment followed by three years of supervised release. (Crim. Doc. 49). Beard filed a notice of appeal following sentencing. However, the Seventh Circuit agreed with his attorney's assessment of the case and dismissed the appeal, finding that no meritorious argument would be successful. The Seventh Circuit also granted Mr. Gabel's motion to withdraw as counsel. Following dismissal of the appeal, petitioner timely filed a motion to vacate pursuant to 28 U.S.C. § 2255

(Doc. 1). Additionally, Beard filed the pending motion for leave to amend the §2255 (Doc. 5).

Beard initially raised three grounds for relief in his § 2255. These claims encompass allegations of ineffective assistance of counsel for "failing to [object] to many false statements" attributed to Beard, failing to "fight for [Beard] at all" and withdrawing from representing Beard on appeal, in addition to an alleged miscalculation under the Sentencing Guidelines (Doc. 1). Beard claims the alleged miscalculation occurred when Court denied a three-level reduction for his acceptance of responsibility, and therefore sentenced Beard to an above-guideline sentence based on conduct alleged in a state case that was ultimately dismissed (Doc. 1).

In the instant motion, Beard now seeks to amend his § 2255 to add an additional claim alleging that the Court improperly calculated his criminal history score by including his prior conviction for Aggravated Unlawful Use of a Weapon ("AAUW). Local Rule 7.1(c) for the Southern District of Illinois states that "If a party believes it is necessary to supplement its brief with new authority due to a change in the law or facts that occurred *after* the filing of its brief, the party must seek leave of court to file a supplemental brief." (emphasis added). *See* SDIL-LR 7.1(c). Here, the supplemental authority petitioner provides is 2014 Seventh Circuit case law finding that the assessment of criminal history points based on a violation of the constitutionally invalidated AAUW statute 720 ILCS 5/24-1.6(a)(1) was improper (Doc. 5).

720 ILCS 5/24-1.6(a)(1), the statute at issue, was found to be in violation of the Second Amendment by the Seventh Circuit on December 11, 2012. *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). However, the Seventh Circuit stayed the mandate for 180 days in order to allow the State of Illinois to address the law. Subsequently, in September of 2013, the Supreme Court of Illinois found that 720 ILCS 5/24-1.6(a)(1) violated the Second Amendment and was held it to be facially unconstitutional. *People v. Aguilar*, 2 N.E.3d 321, 328 (Ill. 2013). Beard was sentenced for his crimes on March 15, 2013 (Crim. Doc. 49), which falls between the time when the Seventh Circuit and Supreme Court of Illinois found 720 ILCS 5/24-1.6(a)(1) unconstitutional. Thus, based on the September 2013 order of the Illinois Supreme Court, Beard satisfies Local Rule 7.1(c).

However, the government argues that the new claim does not relate back to the claims made in his original petition, and is therefore untimely presented under Fed. R. Civ. P. 15(c)(1)(B) (Doc 6, FN 4). See *Rodriguez v. United States*, 286 F.3d 972, 980-81 (7th Cir. 2002). Under Fed R. Civ. P. 15(c), an amended complaint relates back to the date of the original complaint for purposes of tolling the statute of limitations where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id*. (quoting Fed. R. Civ. P. 15(c)(2)).

In this case, the motion to amend will not be untimely if it relates back to the original § 2255 filing. Because Beard proceeds *pro se* with his § 2255 motion,

we construe his petition liberally and subject it to less stringent scrutiny than pleadings prepared by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). In the pending § 2255 motion, Beard argues that his trial counsel was ineffective because he did not adequately "fight for him" (Doc. 1). Beard now seeks to amend his petition specifically with regard to AAUW statute 720 ILCS 5/24-1.6(a)(1). Looking to the statute's unconstitutionality and the dates of its invalidation in relation to Beard's sentencing date, coupled with the less stringent pleading standard applied to *pro se* filers, the Court finds that the motion to amend does in fact relate back to the original § 2255 filing. Accordingly, the Court **GRANTS** petitioner's motion for leave to amend his § 2255 (Doc. 5).

Furthermore, given the difficult legal issues involved, this is found to be an appropriate case in which to appoint counsel specifically for the purposes of amending Beard's petition. Therefore, the Court **APPOINTS** Ronald E. Jenkins, 150 N. Meramec Avenue Suite 400, St. Louis, MO 63105, of the CJA panel, to represent petitioner Beard.

Counsel is permitted to amend the petition within the confines of the cause of action that petitioner has alleged thus far, in addition to the amendment for which the Court has granted leave to include. It will be left to the discretion of counsel to determine what remedy shall be pursued and whether to request a hearing or oral argument on the amended § 2255 motion, keeping in mind counsel's duty not to pursue frivolous arguments. The Court **GRANTS** Petitioner

**up to and including February 26, 2015,** to file an amended petition. The government shall respond to the amended petition no later than March 30, 2015.

    **IT IS SO ORDERED.**

Signed this 27th day of January, 2015.

*Digitally signed by David R. Herndon*
*Date: 2015.01.27 16:28:34 -06'00'*

                                      **United States District Judge**