IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARTEZ R. BEARD,

Petitioner,

v.

Civil Case No. 14-cv-897-DRH
Criminal Case No. 12-cr-30144-DRH

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

## I. Introduction

This matter is before the Court on petitioner Cartez R. Beard's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). The government filed its response in opposition of Beard's § 2255 petition (Doc. 9). Additionally, Beard filed a motion for leave to amend the § 2255 (Doc. 5). Upon granting the motion to amend, and given the difficult legal issues involved, the Court found this to be an appropriate case to appoint counsel, specifically for the purposes of amending Beard's petition with regard to the applicability of the Aggravated Unlawful Use of a Weapon statute 720 ILCS 5/24-1.6(a)(1) to Beard's claims (Doc. 7). Thereafter, Beard's counsel filed an amended § 2255 petition

(Doc. 15), to which the government responded (Doc. 24). For the following reasons, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED.**[1]

## II. Background

On September 27, 2012, petitioner pleaded guilty to being a felon in possession of a firearm. The predicate felony was for Aggravated Unlawful Use of a Weapon (AUUW), in violation of 720 ILCS 5/24-1.6(a)(1). Pursuant to 18 U.S.C. § 922(g)(1), this Court sentenced petitioner to 96 months (*United States v. Beard*, 12-cr-30144-DRH[2], (Doc. 49)). Petitioner was released on bond prior to pleading guilty, and during that time, he was arrested for shooting a woman who was nine months pregnant at the time. At his sentencing he denied shooting her, despite the victim's presence and testimony.

During the proceedings, Assistant Federal Public Defender Thomas Gabel represented Beard, and filed a notice of appeal on his behalf (Cr. Doc 51). On appeal, Beard argued that the Court erred in denying a reduction for acceptance in responsibility. On the basis of controlling precedent and Beard's unwillingness to cease criminal activity, the Seventh Circuit affirmed this Court's judgment. See *United States of America v. Beard*, No. 13-1603 (7th Cir. Nov. 20, 2013) (citing

---

[1] Having examined the record, the Court concludes Beard's claims do not warrant an evidentiary hearing. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255 motion); *Cooper v. United States*, 378 F.3d 638, 641; see also Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings).

[2] Further reference to Beard's criminal docket in this order will include "Cr. Doc." prior to the document number to differentiate from his civil habeas case filings.

*United States v. Sellers*, 595 F.3d 791,793 (7th Cir. 2010). Petitioner also argued that the Court imposed an unreasonable prison sentence of 96 months, but the Seventh Circuit affirmed the sentence. The Seventh Circuit dismissed Beard's appeal stating that this Court "offered adequate reasons consistent with the statutory factors in 18 U.S.C. § 3553(a)." *See United States of America v. Beard*, No. 13-1603 (7th Cir. Nov. 2013).

Subsequent to the dismissal of his appeal, on August 15, 2014, Beard filed his petition seeking relief under 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition and supplement, Beard raises four claims: (1) ineffective assistance of counsel for failing to reject alleged "false statements that placed upon [Beard]"; and (2) failure to be appointed a new attorney on appeal; (3) failure to receive acceptance of responsibility points to toward lowering his sentence; and (4) Beard is actually innocent of the §922(g)(1) conviction based on the invalidity of his previous sentence for AUUW.

### III. Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 is an extraordinary remedy because it asks the district court "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

Accordingly, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to Section 2255 is not a substitute for a direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007)*.*

Unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided or waived on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). A petitioner cannot raise constitutional issues that he could have, but did not directly appeal, unless he shows good cause for, and actual prejudice from, his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Beard raises four claims, some of which he purports to be claims of ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell

below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012). The Court now turns to Beard's claims.

### IV. Argument

#### a. Claims 1: Petitioner's Attorney Was Ineffective for Failing to Object to "Many False Statements" Attributed to Beard and for "Failing to Fight for Him".

Petitioner's first ground for relief asserts a claim for ineffective performance by his attorney for failing to object to the various "false statements" that were

attributed to him during his case, and that his attorney "did not fight for him" (Doc.1). Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). With regard to the second prong of *Strickland*, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir.2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Here, Beard fails to identify which "false statements" were attributed to him without objection from his counsel, or when during his case those statements were made. Beard also fails to explain how his lawyer failed to "fight for him," offering nothing more than his unsupported allegation. These general allegations are insufficient to support habeas corpus relief. See e.g., *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir.2004) (denying § 2255 claim based upon failure to investigate where defendant provided no details, evidence, or allegations regarding that claim). "An ineffective assistance of counsel claim cannot stand on

a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); F*uller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for purposes of § 2255).

In the government's response to Beard's petition, it was believed that after review of the record, "it is reasonable to infer that Beard's contention refers to the testimony of Makeela King presented at his sentencing hearing" (Crim. Docs. 26 & 45). Even using such inferences, and drawing them in Beard's favor, his argument still fails to meet the *Strickland* test.

King identified Beard in open court and told the Court that she had previously identified Beard as her shooter. The government relied on Ms. King's testimony to support its argument, alongside the PSR's recommendation, that Beard should not receive a three-level reduction for acceptance of responsibility. (Doc. 6-1, pg. 57). Once again, at no point does Beard identify which "false statements" were attributed to him without objection by his counsel, or when during his case that those statements were made.

In fact, the record clearly shows that Gabel did in fact "fight for" his client. Gabel filed written objections to the PSR's failure to grant Beard a §3E1.1 adjustment for Acceptance of Responsibility (Cr. Doc. 34), and Gabel preserved that objection at the sentencing hearing. Gabel also argued against the

government's recommendation for an upward variance from the guideline range at the time of sentencing (Doc. 6-1, pg. 76-78).

Simply stated, Beard has not shown that Mr. Gabel's performance was objectively unreasonable. The record before the Court reveals nothing unreasonable in Gabel's representation. The evidence establishes that Gabel worked diligently to assess the case, consult his client, and examine witnesses in such a way to be as beneficial as possible for his client.

A review of the record also demonstrated that counsel covered impeachment on prior inconsistent statements, all evidence showing bias, and his challenge of the witness's credibility. Moreover, a counsel's failure to challenge a witness's credibility, in and of itself, does not satisfy the prejudice prong in *Strickland. See Spreitzer v. Peters*, 114 F.3d 1435, 1455 (7th Cir. 1997)(noting that counsel's failure to challenge a witness's credibility, without more, is insufficient to establish the requisite prejudice).

Looking specifically to the testimony of Ms. King, Gabel cross-examined her about the truthfulness of her statements, lies on her sworn affidavit, and the credibility of her identification of Beard as her shooter (*Id*. at pg. 40-45). Gabel also re-crossed King to further highlight her multiple versions of events (*Id*. at pg. 47-48). Furthermore, Mr. Gabel produced a witness to further challenge Ms. King's credibility. Thereafter, the Court weighed the evidence presented against Beard and ultimately found King's testimony credible. The Court considered the

arguments made by both defense counsel and the government before reaching its decision as to the length of Beard's sentence.

After all arguments were considered, the Court imposed a 96 month sentence. Nothing in the record indicates that if Mr. Gabel fought for his client more, or made more objections, that Beard would have been sentenced to a lesser term of imprisonment. Beard voluntarily signed a plea agreement where he admitted the facts of the case that included the details about his possession of a gun as a prior felon.

Furthermore, Beard offered nothing more than a blanket assertion regarding counsel's alleged errors. A petitioner must show that but for counsel's unprofessional errors, the result of the proceedings would have been different. Beard failed to do so. Therefore, the Court need go no further, since a defendant who fails to prove either prong of the *Strickland* test dooms his ineffective assistance claim.

### b. Claim 2: Petitioner's Attorney Was Ineffective for Moving to Withdraw from Representing Beard on Appeal and Beard did not receive a New Attorney to Represent Him on Appeal.

Beard next claims that Mr. Gabel's performance was deficient because he withdrew from representing Beard on appeal, and at that time, no new lawyer was appointed to represent him. However, after review of the record it is clear that Beard is mistaken, and in fact he was represented throughout the entirety of his appellate proceedings.

Gabel did move to withdraw from representing Beard (*United States v. Beard*, No. 13-1603, Doc. 4), but the motion was not granted until the appeal itself was resolved. Mr. Gabel first filed the motion to withdraw as counsel followed by an Anders brief. A lawyer has a duty to file an Anders brief rather than to argue frivolous grounds for reversal. *United States v. Gammicchia*, 498 F.3d 467 (7th Cir.2007) (A defendant's attorney should file an Anders motion when a criminal appeal is frivolous); *Anders v. California*, 386 U.S. 738 (1967). Beard has no constitutional right to force "counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 436 U.S. 745, 751 (1983). It is well settled that a petitioner cannot establish ineffective assistance of counsel based solely on the fact that counsel failed to present certain issues on appeal. *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989).

Following the filing of the motion to withdraw, Beard was given 30 days to respond. Beard did file a response alleging arguments that he believed to support his appeal (*United States v. Beard*, No. 13-1603, Doc. 10), Thereafter, the Seventh Circuit issued its Order dismissing the appeal on November 20, 2013. (*United States v. Beard*, No. 13-1603, Doc. 12) (7th Cir. November 20, 2013). In that same order, Mr. Gabel's motion to withdraw was granted.

Gabel continued to represent Beard until the resolution of his appeal. Furthermore, the appeal itself was timely filed. Thus, Beard did not suffer any prejudice from Gabel's actions on appeal and Beard has failed to show how the

outcome of the appeal would have differed but for Gabel's actions. The Court also notes that the record undermines any chance Beard had to prove the second prong of the *Strickland* test. As stated previously, Beard identified no evidence supporting the theory that but for Gabel's withdraw from the case, the result would have been different. Thus, Beard has met neither prong of the *Strickland* test. Accordingly, Beard's second argument must fail.

### *c. Claim 3: The Court erred in Failing to Reduce Beard's Guideline Range by Three-levels for Acceptance of Responsibility.*

With respect to Beard's third claim that the district court erred in denying a reduction for acceptance of responsibility, this argument too must fail. That issue was raised and litigated on direct appeal, and decided against Beard. *United States v. Beard*, No. 13-1603, Doc. 12 (7th Cir. November 20, 2013). Those matters decided on appeal cannot be re-litigated in a § 2255 Motion. *Varela,* 481 F.3d 932 ("A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." (quotation marks and citations omitted)); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992) (holding that "issues that were raised on direct appeal, absent a showing of changed circumstances" cannot be raised in a 2255 motion).

The Seventh Circuit previously stated during Beard's appeal that:

> "We give great deference to a district judge's credibility findings. *United States v. Pabey*, 664 F.3d 1084, 1094 (7th Cir. 2011); *United States v. Pulley*, 601 F.3d 660, 664 (7th Cir. 2010). Although Beard's lawyer tried to discredit the victim, the defendant himself never denied under oath that he was the one who shot her. Indeed, he offered no evidence to contradict her testimony, and when a dispute will be decided based on a preponderance of the evidence—

> as this one was—a party who shuns the opportunity to present evidence is almost assured of losing. See *United States v. Torres*, 977 F.2d 321, 330 (7th Cir. 1992) (explaining that there was "little reason" to question court's sentence when defendant had opportunity but failed to object to facts underlying upward departure); *United States v. Pinnick*, 47 F.3d 434, 437 (D.C. Cir. 1995) (reasoning that defendant's failure at sentencing to contest facts related to dismissed charges left little doubt that acts had occurred). The district judge was aware that the victim had briefly recanted her prior identification of Beard as the shooter, but the judge was satisfied with the victim's explanation that Beard had sent an intermediary offering $10,000 if she recanted and threatening her if she refused. Based on the victim's testimony, the district court concluded that the government had established by a preponderance that while on bond Beard took to the streets with a gun looking for vengeance against his rival who had previously assaulted him. The court had discretion to deny a reduction for acceptance of responsibility because Beard did not cease his criminal conduct, see *United States v. Sellers*, 595 F.3d 791, 793 (7th Cir. 2010); *United States v. McDonald*, 22 F.3d 139, 141 (7th Cir. 1994), and any argument to the contrary would be frivolous."

*United States v. Beard*, No. 13-1603, Doc. 12 (7th Cir. November 20, 2013). As mentioned above, those matters decided on appeal cannot be re-litigated in a § 2255 Motion. *Varela*, 481 F.3d 932.

Accordingly, Beard's claims arguing the following are procedurally barred. *White v. United States*, 371 F.3d 900, 902-03 (7th Cir. 2004) ("[T]he courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issues that was decided on his direct appeal. . . . It makes no difference that [petitioner's] claim had been presented in his direct appeal in an Anders brief on the basis of which we dismissed the appeal as frivolous. Presented is presented, whether in an Anders brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no

merit at all, rather than an invitation to refile."). Moreover, this Court is precluded from reviewing any claim of an alleged improperly calculated Guideline range. See *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) ("Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255.") (citing *Scott v. United States,* 997 F.2d 340, 343 (7th Cir. 1993)). Accordingly, Beard's third argument in support of his 2255 Motion also fails.

**d.** *Claim 4: Petitioner Beard is Actually Innocent of the AUUW Conviction Underlying His Felon in Possession of a Firearm Conviction.*

Looking now to Beard's final claim, he challenges his 2009 felony conviction for aggravated unlawful use of a weapon (AUUW) under Illinois law, 720 ILCS 5/24-1.6(a)(1), arguing that the Seventh Circuit Court of Appeals held in *Moore v. Madigan*, 702 F.3d 933 (7th Cir.2012), that the Second Amendment barred Illinois' "flat ban on carrying ready-to-use guns outside the home". *Moore*, 702 F.3d at 940. *Moore* invalidated Illinois' complete ban on handgun carrying, a decision which was later echoed by the Illinois Supreme Court in *People v. Aguilar*, 2 N.E.3d 321, 328 (Ill.2013).

In this case, the key issue in play is the effective date of the *Moore* opinion based on an exception to the Sentencing Guidelines listed U.S.S.G § 4A1.2 n. 6. The exception in U.S.S.G. § 4A1.2 n. 6 states:

> "Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) *have been ruled constitutionally invalid in a prior case are not to be counted.* With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights

> otherwise recognized in law (e.g. 21 U.S.C. 851 expressly provides that a defendant may collaterally attack certain prior convictions).
> Nevertheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to §4A1.3"

U.S.S.G. § 4A1.2 n. 6 (emphasis added).

In this case, Subsection (B) of U.S.S.G. § 4A1.2 n. 6 is at issue. The Seventh Circuit has read Subsection (B) to contain two requirements: "(i) the sentence resulted from a conviction that was ruled constitutionally invalid; and (ii) that ruling occurred in a prior case." *United States v. Jenkins*, 772 F.3d 1092, 1097 (7th Cir. 2014). Here, it appears that Beard's sentence fails to meet both of those requirements.

In *Jenkins*, the defendant challenged the assessment of criminal history points based on an Illinois AUUW conviction, also under 720 ILCS 5/24–1.6(a)(1), which had been held facially unconstitutional at the time of his sentencing. *Jenkins*, 772 F.3d at 1096. In Beard's case, the *Moore* decision invalidated Illinois' complete ban on handgun carrying, thus finding 720 ILCS 5/24-1.6(a)(1) unconstitutional, similar to *Jenkins*. Therefore, Beard satisfies the first factor of Subsection (B) of U.S.S.G. § 4A1.2 n. 6. However, as mentioned above, the timing of the mandate remains the key issue in this matter, and Beard fails to satisfy the second factor.

The Seventh Circuit decided *Moore* on December 11, 2012, but the mandate was stayed 180 days and ultimately not issued until July 9, 2013. *Aguilar* was not decided until September 2013, which was six months after

Beard's sentencing on March 15, 2013. Relying on *Moore*, Beard argues that 720 ILCS 5/24-1.6(a)(1) was declared constitutionally invalid and, therefore, his AUUW conviction is void. Although Beard is correct that the *Moore* decision declared the Illinois' AUUW statute unconstitutional, the effective date of the decision was not until July 9, 2013, the date in which the mandate was issued.

The government points out that the Seventh Circuit stayed its mandate in order to allow the Illinois legislature an opportunity to "craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." *Moore*, 702 F.3d at 942. Although the stayed decision placed the Illinois legislature and the public on notice of the *Moore* holding and its effect on Illinois' AUUW statute, the stay also means that the Seventh Circuit's holding was not yet in effect. As the government correctly points out, "[t]he stay preserved the status quo—the state of the law prior to the issuance of the *Moore* decision." (Doc. 24).

Given that Beard was sentenced between the time when *Moore* was issued and the end of the 180 day stay period, he was correctly sentenced under the law that existed at the time of his sentencing on March 15, 2013. Therefore, Beard fails to satisfy the second requirement set forth in Subsection (B) of U.S.S.G. § 4A1.2 n. 6 requiring the court's ruling to have occurred in a prior case. Accordingly, Beard's fourth ground for relief, is denied and his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 is denied in its entirety.

## V.    Certificate of Appealability Denied

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted. See *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).

For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, as petitioner's claim of ineffective assistance of counsel and a change in law do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Further, the Court

finds that reasonable jurists could not differ on these conclusions. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## VI. Conclusion

For the reasons as discussed herein, Beard's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence is **DENIED** (Docs. 1 & 15) and Beard's claims are **DISMISSED with prejudice**. The Court **ORDERS** the Clerk of the Court to enter judgment accordingly. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 17th day of October, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.10.17 13:51:52 -05'00'

**United States District Judge**

e