IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARTEZ R. BEARD,

Petitioner,

v.

Civil Case No. 14-cv-897-DRH
Criminal Case No. 12-cr-30144-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

This matter is before the Court on petitioner Cartez R. Beard's memorandum of law in support of motion to dismiss, which the Court construed as a motion to reconsider (Doc. 35). The government filed its response opposing Beard's motion on April 18, 2018 (Doc. 38). For the following reasons, Beard's motion is **DENIED.**

On September 27, 2012, Beard pleaded guilty to being a felon in possession of a firearm. The predicate felony was Aggravated Unlawful Use of a Weapon (AUUW), in violation of 720 ILCS 5/24-1.6(a)(1). Beard was sentenced to 96 months imprisonment. Thereafter, he filed a timely notice of appeal. On appeal, however, his counsel filed an *Anders* brief. The Seventh Circuit agreed with his attorney's assessment of the case and dismissed the appeal, finding that no meritorious argument would be successful. Following the Seventh Circuit's mandate, Beard filed a timely § 2255. Thereafter, Beard moved to amend his §

2255, and the Court appointed a CJA attorney to assist Beard with the amendment. Beard argued that he was actually innocent of the §922(g)(1) conviction based on the invalidity of his previous sentence for AUUW. Specifically, he argued that his conviction should be vacated because he was actually innocent of the conviction for the unlawful possession of a firearm by a previously convicted felon based on the fact that his prior Illinois AUUW conviction only carried a presumptive guideline range of 12 months or less, which was below the statutory maximum requirement of a crime punishable by a term of imprisonment of at least a year. The government responded opposing the § 2255 by arguing that the Seventh Circuit's decision in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), which held that certain provisions of the Illinois aggravated unlawful use of a weapon statute were unconstitutional, did not apply to Beard's conviction because Beard had been sentenced before the *Moore* decision's 180-day stay period had ended. The Court ultimately denied Beard's § 2255 (Doc. 33), and held that that Beard could not take advantage of the *Moore* decision because his sentencing took place during the stay period before its mandate was issued. (*Id*. at 13-14).

On April 6, 2018, Beard filed a memorandum of law in support of motion to dismiss, which the Court construed as a motion to reconsider (Doc. 35). In said motion Beard argues that he is no longer a felon within the meaning of Title 18, United States Code, Section 922(g)(1), because his prior felony conviction for aggravated unlawful use of a weapon had been declared *void ab initio*; therefore,

his conviction should be vacated. Attached to his motion was an order from the state court showing that, on September 8, 2016, his AUUW conviction was vacated and declared *void ab initio* (Doc. 35).

## II. <u>**Law and Analysis**</u>

The FEDERAL RULES OF CIVIL PROCEDURE do not expressly contemplate motions to "reconsider." However, the Seventh Circuit has held district courts should automatically consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b). See *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). A motion for reconsideration serves the limited function of allowing a court to correct manifest errors of law or fact or to present newly-discovered evidence. See *Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1270 (7th Cir.1996). "Relief pursuant to a motion to reconsider is an 'extraordinary remed[y] reserved for the exceptional case.'" *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment or order if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). To succeed on a

Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington*, 433 F.3d at 546.

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or any other reason justifying relief.Fed.R.Civ.P. 60(b); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). "The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). A party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal. *Banks v. Chicago Board of Education*, 750 F.3d 663, 667 (7th Cir. 2014).

Here, Beard contends that his **felon in possession of a firearm** conviction should be vacated because he is no longer a felon within the meaning of 18 U.S.C.§ 922(g)(1). Beard argues that he is no longer a felon after his felony AUUW conviction was vacated and declared *void ab initio* on September 8, 2016 (Doc. 35, pg. 10). However, under the laws of this Circuit, and as pointed out by the government, Beard's argument fails.

The Seventh Circuit previously held in *United States v. Lee* that the timing of the restoration of an individual's civil rights is crucial: "expungement must predate the possession of a firearm…. In order for a felon lawfully to possess a

Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington*, 433 F.3d at 546.

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or any other reason justifying relief.Fed.R.Civ.P. 60(b); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). "The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). A party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal. *Banks v. Chicago Board of Education*, 750 F.3d 663, 667 (7th Cir. 2014).

Here, Beard contends that his **felon in possession of a firearm** conviction should be vacated because he is no longer a felon within the meaning of 18 U.S.C.§ 922(g)(1). Beard argues that he is no longer a felon after his felony AUUW conviction was vacated and declared *void ab initio* on September 8, 2016 (Doc. 35, pg. 10). However, under the laws of this Circuit, and as pointed out by the government, Beard's argument fails.

The Seventh Circuit previously held in *United States v. Lee* that the timing of the restoration of an individual's civil rights is crucial: "expungement must predate the possession of a firearm…. In order for a felon lawfully to possess a

firearm, the prior conviction must be expunged before he possesses the weapon." 72 F.3d 55, 58 (7th Cir.1995). In *Lee*, the defendant was convicted by Indiana in 1988, and he violated § 922(g)(1) in 1994. 72 F.3d at 56. Prior to his federal trial, but after Lee committed the acts comprising the federal charges against him, Lee's state conviction was declared *void ab initio*-that is "as if he had never been convicted at all." *Id*. Lee asserted that because this expungement should be given retroactive effect, he could not have been a felon at the time of his § 922(g)(1) violation. *Id*. The Seventh Circuit rejected this argument, holding that the relevant inquiry was "whether [the defendant's] conviction had been expunged at the time he committed the § 922(g) violation-January 1994." *Id*. at 58 (citing *United States v. Chambers*, 922 F.2d 228, 238-39 (5th Cir.1991)); *See also United States v. Wallace*, 280 F.3d 781, 784 n.1 (7th Cir. 2002).

To reiterate, the only way for a defendant to avoid an unlawful possession of a firearm by a previously convicted felon charge is to have the felony expunged or vacated before he possesses the firearm in question. Otherwise, the defendant is still considered a felon for purposes of 18 U.S.C. § 922(g)(1) because he was a convicted felon at the time he possessed the firearm. *Lee*, 72 F.3d at 58. At the time Beard possessed the firearm in 2012, like the defendants in *Lee and Wallace,* his AUUW conviction had not been expunged or rendered *void ab initio,* and he satisfied all of the elements of § 922(g).

Therefore, the Court **DENIES** Beard's motion for reconsideration (Doc. 35). Further, because the Court issues a final order, it will also deny a certificate of

appealability as to the motion for reconsideration. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); FED. R.APP. P. 22(b). The Court denies a certificate of appealability, as reasonable jurists would not debate that petitioner's motion to reconsider fails to warrant relief. See *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (stating, "a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, … reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further") (citation and quotation marks omitted).

Thus, for the reasons stated above, the Court denies a certificate of appealability as to the Court's instant denial of Beard's motion to reconsider.

### III. Conclusion

For the reasons as discussed herein, Beard's motion to reconsider (Doc. 35) is **DENIED**. Further, the Court also **DENIES** a certificate of appealability.

Finally, Beard's motion for leave to proceed *in forma pauperis* (Doc. 36) is **DENIED as moot**, as Section 2255 actions do not require a filing fee.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.03 15:51:38
-05'00'
**United States District Court**